**Lilibeth Garcia LUMIO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 99–71270.**

**I & NS No. A73–427–899.**

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2001 *.

Decided March 30, 2001.

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before MAGILL,** FERNANDEZ, KLEINFELD, Circuit Judges.

## MEMORANDUM ***

Lilibeth Garcia Lumio, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' decision denying her request for asylum and for withholding of deportation. We deny the petition.

** The Honorable Frank J. Magill, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

(1) The BIA's determination that Lumio "was not eligible for asylum must be upheld if 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992) (citation omitted). To justify a reversal of the BIA's decision, Lumio must show "that the evidence [she] presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* at 483–84, 112 S.Ct. at 817; *see also Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995).

■ (2) The BIA did not err when it determined that Lumio was not entitled to asylum. The evidence before the BIA supported its conclusion that she was firmly resettled in Canada before she came here. It certainly did not compel the contrary conclusion. In fact, the evidence demonstrated that she lived peacefully in Canada for over five years and obtained permanent residence status there. *See* 8 C.F.R. § 208.13(c)(2)(i)(B); 8 C.F.R. § 208.15(a), (b); *Cheo v. INS,* 162 F.3d 1227, 1229 (9th Cir.1998); *cf. Andriasian v. INS,* 180 F.3d 1033, 1043 (9th Cir.1999). She remained considerably longer than necessary to arrange onward travel, and her living arrangements were not restricted by the authorities in Canada. Indeed, she entered the United States on more than one occasion and then returned to her home in Canada.

■ (3) The BIA did not err when it determined that Lumio was not entitled to withholding of deportation. The standard for withholding requires her to show that "it is more likely than not that [she] will be persecuted if deported." *Ghaly,* 58 F.3d at 1429. The evidence does not compel the

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

conclusion that she met that standard. She did show a single unpleasant encounter with the NPA, a communist guerrilla organization, and an unpleasant encounter with the military immediately thereafter. Both of those took place years before she left the Philippines, and there was no further incident there. She has not shown persecution. *See Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995). Nor has she shown a good reason to fear future persecution. We, of course, recognize that she may well be a member of a particular social group. *See Hernandez–Montiel v. INS,* 225 F.3d 1084, 1099 (9th Cir.2000). Still, she has not submitted evidence that compels a withholding determination on that basis.

Petition DENIED.